# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| TRITEK INTERNATIONAL INC., *et al.*,[1] | ) Case No. 23-10520 (TMH) |
| Debtors. | ) (Jointly Administered) |
| | ) **Re: Docket No. 89** |

**ORDER, PURSUANT TO SECTIONS 327(a) AND 328(a) OF THE BANKRUPTCY CODE, (I) AUTHORIZING THE RETENTION AND EMPLOYMENT OF INTREPID INVESTMENT BANKERS LLC AS INVESTMENT BANKER FOR DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE AS OF THE PETITION DATE; (II) WAIVING CERTAIN INFORMATION REQUIREMENTS IMPOSED BY LOCAL RULE 2016-2; AND (III) GRANTING RELATED RELIEF**

Upon consideration of the application (the "Application")[2] of the debtors and debtors in possession (collectively, the "Debtors") in the above-captioned cases (the "Chapter 11 Cases") for entry of an order (this "Order") (i) authorizing Debtors to retain and employ Intrepid Investment Bankers LLC ("Intrepid") as their investment banker pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-2 effective as of the Petition Date, pursuant to the terms of the Engagement Agreement, (ii) waiving certain of the time-keeping requirements set forth in Local Rule 2016-2, and (iii) granting related relief, all as more fully described in the Application; and the Court having reviewed the Application, the First Day Declaration, and the Beers Declaration, and having heard the statements of counsel regarding the relief requested in the Application at a hearing before the Court, if any (the "Hearing"); and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Tritek International Inc. (7919); HyLife Foods Windom, LLC (5391); and Canwin Farms, LLC (3973). Debtors' mailing address is 2850 Highway 60 East, Windom, MN 56101.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

and 1334 and the Amended Standing Order; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Application is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that notice of the Application and opportunity for a hearing on the Application were appropriate under the circumstances and that no other or further notice need be provided; and this Court having determined that the employment of Intrepid is necessary and in the best interests of the estates and their creditors; and this Court being satisfied, based on the representations made in the Beers Declaration, that Intrepid does not hold or represent any interest adverse to Debtors' estates and is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code; and this Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court, and after due deliberation and good and sufficient cause appearing therefor, it is

IT IS HEREBY ORDERED THAT:

1. The Application is GRANTED as set forth herein.

2. Pursuant to section 327(a) of the Bankruptcy Code, Debtors are authorized to retain and employ Intrepid as their investment banker in these Chapter 11 Cases, pursuant to the terms and subject to the conditions set forth in the Engagement Agreement, effective as of the Petition Date, as modified by the provisions of this Order.

3. Except to the extent set forth herein, the Engagement Agreement, including, without limitation, the Fee and Expense Structure (except as provided in paragraph 4 below), is approved pursuant to section 328(a) of the Bankruptcy Code, and Debtors are authorized to pay,

reimburse, and indemnify Intrepid in accordance with the terms and conditions of, and at the times specified in, the Engagement Agreement, as modified by the provisions of this Order.

4. The Fee and Expense Structure is approved as set forth in the Engagement Agreement, *provided* that (i) $1,000,000.00 of the Sale Fee shall be payable out of the proceeds of the sale(s) of Debtors' assets; and (ii) after the payment of the $1,000,000.00 provided in (i), Compeer Financial PCA and Compeer Financial FLCA (collectively, "Compeer") as well as any of the Debtors' assets subject to any of Compeer's liens or security interests, will not be used, assessed, levied, or otherwise obligated to pay any additional amounts related to the Fee and Expense Structure or any other compensation for Intrepid approved under this Order. The Fee and Expense Structure shall be payable pursuant to section 328(a) of the Bankruptcy code as set forth in paragraph 6 below, and notwithstanding sub-clause (ii) above, from Debtors' debtor-in-possession financing, and/or Debtors' other unencumbered assets.

5. Compeer, as secured lender for Debtors, consents to the payment treatment set forth in paragraph 4 above and waives its right to object thereto. Compeer further waives its right to object to the Application or any fee application on the basis that the terms and conditions of Intrepid's compensation prove to have been improvident in light of developments not capable of being anticipated at the time of this Order, and except to the extent any fee application seeks compensation inconsistent with paragraph 4 above.

6. Intrepid shall file interim and final fee applications for the allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court; *provided*, however, that Intrepid shall be compensated and reimbursed pursuant to section 328(a) of the Bankruptcy Code and that Intrepid's fees and

3

expenses shall not be evaluated under the standard set forth in section 330 of the Bankruptcy Code. Notwithstanding any provisions to the contrary in this Order, the U.S. Trustee shall have the right to object to Intrepid's requests for interim and final compensation and reimbursement based on the reasonableness standard provided in section 330 of the Bankruptcy Code, not section 328(a) of the Bankruptcy Code. This Order and the record relating to the Court's consideration of the Application shall not prejudice or otherwise affect the rights of the U.S. Trustee to challenge the reasonableness of Intrepid's fees under the standard set forth in the preceding sentence. Accordingly, nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding the U.S. Trustee, on appeal or otherwise, with respect to the reasonableness of Intrepid's fees and reimbursement requests.

7. In the event that, during the pendency of these Chapter 11 Cases, Intrepid requests reimbursement for any attorneys' fees and/or expenses, the invoices and supporting time records from such attorneys shall be included in Intrepid's fee applications, and such invoices and time records shall be in compliance with the Local Rules, the U.S. Trustee Guidelines and approval of the Court under the standards of section 330 and 331 of the Bankruptcy Code, without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorney's services satisfy section 330(a)(3)(C) of the Bankruptcy Code. Notwithstanding the foregoing, Intrepid shall only be reimbursed for any legal fees incurred in connection with these Chapter 11 Cases to the extent permitted under applicable law and the decisions of this Court.

8. Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any orders of this Court, or any guidelines regarding submission and approval of fee applications, in light of the services to be provided by Intrepid

and the structure of Intrepid's compensation pursuant to the Engagement Agreement, Intrepid and its professionals shall be granted a limited waiver of the information-keeping requirements of Bankruptcy Rule 2016(a), Local Rule 2016-2(d), the U.S. Trustee Guidelines, and any otherwise applicable orders or procedures of the Court in connection with the services to be rendered pursuant to the Engagement Agreement, and shall instead be required only to maintain time records of its services rendered for Debtors in one-half hour (0.5) increments.

9. The indemnification, contribution, and reimbursement provisions included in the Indemnification Provisions annexed to the Engagement Agreement as Exhibit B are approved, subject during the pendency of these Chapter 11 Cases to the following modifications:

   a) Subject to the provisions of subparagraphs (b) and (c) below, Debtors are authorized to indemnity, contribute, or reimburse, and shall indemnify, contribute, or reimburse Indemnified Party (as that term is defined in the Engagement Agreement) for any claims arising from, related to, or in connection with services to be provided by Indemnified Party as specified in the Application, but not for any claim arising from, related to, or in connection with Indemnified Party's postpetition performance of any other services other than those in connection with the engagement, unless such postpetition services and the indemnification, contribution, or reimbursement therefor are approved by this Court.

   b) Debtors shall have no obligation to indemnify any Indemnified Party, or provide contribution or reimbursement to any Indemnified Party, for any claim or expense to the extent it is either: (i) judicially determined (the determination having become final and no longer subject to appeal) to have arisen from the Indemnified Party's gross negligence, willful misconduct or bad faith; (ii) for a contractual dispute in which Debtors allege breach of an Indemnified Party's contractual obligations, unless this Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing pursuant to subparagraph (c) hereof to be a claim or expense for which the Indemnified Party should not receive indemnity, contribution or reimbursement under the terms of the Engagement Agreement, as modified by this Order.

   c) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in the Chapter 11 Cases (that order having become a final order no longer

subject to appeal) and (ii) the entry of an order closing the Chapter 11 Cases, an Indemnified Party believes that it is entitled to the payment of any amounts by Debtors on account of Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Agreement (as modified by this Order), including without limitation, the advancement of defense costs, the Indemnified Party must file an application therefor in this Court, and Debtors may not pay any such amounts to the Indemnified Party before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses by any Indemnified Party for indemnification, contribution and/or reimbursement, and not a provision limiting the duration of Debtors' obligation to indemnify, or make contributions or reimbursements to, the Indemnified Party. All parties in interest shall retain the right to object to any demand by any Indemnified Party for indemnification, contribution and/or reimbursement.

10. None of the fees payable to Intrepid under the Engagement Agreement shall constitute a "bonus" or fee enhancement under applicable law.

11. To the extent that there may be any inconsistency between the terms of the Application, the Beers Declaration, the Engagement Agreement, and this Order, the terms of this Order shall govern.

12. Debtors and Intrepid are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

13. Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Local Rules are satisfied by the contents of the Application.

14. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

15. The Court retains jurisdiction and power with respect to all matters arising from or related to interpretation, implementation, or enforcement of this Order.

**Dated: June 8th, 2023**
**Wilmington, Delaware**

**THOMAS M. HORAN**
**UNITED STATES BANKRUPTCY JUDGE**