IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| TRITEK INTERNATIONAL INC., *et al.*,[1] ) | Case No. 23-10520 (TMH) |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |
| ) | Hearing Date: March 13, 2024 at 2:00 p.m. (EST) |
| ) | Objection Deadline: February 22, 2024 at 4:00 p.m. (EST) |

**LIQUIDATING TRUSTEE'S SECOND OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVE) PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3001, 3003, AND 3007, AND LOCAL RULE 3007-1**

**(Misclassified Claims and Modified or Disallowed Claims)**

> **Claimants receiving this Objection should locate their name(s) and claim number(s) on Exhibits A or B to the Proposed Order attached to this Objection to learn the grounds for the objection pertaining to their claim(s) and the relief being sought by the Liquidating Trustee.**
>
> **The relief sought herein is without prejudice to the Liquidating Trustee's right to pursue further non-substantive objections against the claims listed on Exhibits A or B to the Proposed Order attached to this Objection.**

By this second omnibus objection ("**Objection**"), Matthew Dundon, not in his individual capacity, but solely as the Liquidating Trustee of Tritek International Inc., et al. (the "**Trustee**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), seeks the entry of an order pursuant to section 502 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 3001, 3003, and 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), substantially in the form attached hereto as **Exhibit 1** ("**Proposed Order**"), modifying the priority status of certain claims

---

[1] The liquidating Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number are: Tritek International Inc. (7919); HyLife Foods Windom, LLC (5391); and Canwin Farms, LLC (3973). The Trustee's mailing address is 10 Bank Street, Suite 1100, White Plains, NY 10606.

identified on **Exhibit A** to the Proposed Order (the "**Misclassified Claims**"); and (b) modifying the amount of certain claims identified on **Exhibit B** to the Proposed Order (the "**Modified or Disallowed Claims**," and collectively with the Misclassified Claims, the "**Disputed Claims**"). In support of this Objection, the Trustee relies on the declaration of Rick Wright (the "**Wright Declaration**"), attached hereto as **Exhibit 2**. In further support of this Objection, the Trustee respectfully states as follows:

## JURISDICTION AND VENUE

1.  The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* of the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b)(2).

2.  Pursuant to Local Rule 9013-1(f), the Trustee consents to the entry of a final judgment or order with respect to this Objection if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4.  The statutory bases for the relief sought herein are section 502 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1.

## BACKGROUND

5.  On April 27, 2023 (the "**Petition Date**"), the above-captioned debtors (collectively, the "**Debtors**") each commenced a bankruptcy case by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

6. On October 6, 2023, the Court entered the *Order Granting Final Approval of Disclosure Statement and Confirming Debtors' Joint Chapter 11 Plan of Liquidation* [D.I. 506] (the "**Confirmation Order**"), approving the *Modified Fourth Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Tritek International, Inc. and its Affiliated Debtors* [D.I. 503] (the "**Plan**"). Pursuant to Article XI of the Plan, the Trustee has authority to object to claims.

7. Moreover, Article II of the Plan, provides that the entry of the Confirmation Order constituted approval by the Court of the limited substantive consolidation of the Debtors and their respective estates solely for the purposes of the Plan, including effectuating distributions.

## THE CLAIMS PROCESS

8. On May 22, 2023, the Court entered the *Order (I) Establishing Bar Dates and Related Procedures for Filing Proofs of Claim (Including for Claims Arising Under Section 503(b)(9) of the Bankruptcy Code), (II) Approving the Form and Manner of Notice Thereof, and (III) Granting Related Relief* [D.I. 137] (the "**Bar Date Order**") pursuant to which the Court established, *inter alia*, the General Bar Date (as defined in the Bar Date Order) as June 27, 2023 at 5:00 p.m. (prevailing Eastern Time). Written notice of the Bar Date Order (the "**Bar Date Notice**") was mailed to, among others, all known creditors listed on the Schedules (as defined below), and the Bar Date Notice was served on all parties who had filed requests for notice under Bankruptcy Rule 2002 as of the date of the Bar Date Order.

9. On May 25, 2023, the Debtors filed their schedules of assets and liabilities and statements of financial affairs [D.I. 166-171] (the "**Schedules**").

10. Proofs of claim against the Debtors (the "**Proofs of Claim**") are recorded on the official claims register (the "**Claims Register**") maintained by Donlin, Recano & Company, Inc.,

the agent retained by the Debtors (and now retained by the Trustee) to assist with claims processing in these Chapter 11 Cases (the "**Claims Agent**").

11. In the ordinary course of business, the Debtors maintained records (the "**Books and Records**") that reflect, among other things, certain of the Debtors' liabilities and the amounts owed to their creditors. Pursuant to the Plan, the Books and Records were transferred to the Trustee.

## RELIEF REQUESTED

12. By this Objection, the Trustee seeks the entry of the Proposed Order, pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1, granting the following relief with respect to the Disputed Claims:

   a. modifying the priority status of all Misclassified Claims identified on **Exhibit A** to the Proposed Order to reflect, based upon the Debtors' Books and Records, the claim's proper treatment in the priority scheme;

   b. modifying the amount of all Modified or Disallowed Claims identified on **Exhibit B** to the Proposed Order based upon the Debtors' Books and Records; and

   c. authorizing the Claims Agent to modify each of the Disputed Claims on the Claims Register in accordance with the Proposed Order.

## BASIS FOR OBJECTION

13. Section 502(b) of the Bankruptcy Code provides in pertinent part:

   > [I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that— (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured . . . .

11 U.S.C. § 502(b)(1). The burden of proof for determining the validity of claims rests on different parties at different stages of the objection process. As explained by the Third Circuit:

   > The burden of proof for claims brought in bankruptcy court under 11 U.S.C. § 502(a) rests on different parties at different times. Initially,

> the claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is "*prima facie*" valid.  In other words, a claim that alleges facts sufficient to support legal liability to the claimant satisfies the claimant's initial obligation to go forward. The burden of going forward then shifts to the objector to produce evidence sufficient to negate the *prima facie* validity of the filed claim. . . .  In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence.

*In re Allegheny Int'l Inc.,* 954 F.2d 167, 173-74 (3d. Cir. 1992) (citations omitted). Once the *prima facie* validity of a claim is rebutted, "[i]t is for the claimant to prove his claim, not for the objector to disprove it."  *In re Kahn,* 114 B.R. 40, 44 (Bankr. S.D.N.Y. 1990) (citations omitted).

**A.     Misclassified Claims**

14.     Upon reviewing the Proofs of Claim filed against the Debtors, supporting documentation attached thereto, and the Debtors' Books and Records, the Trustee has identified certain Proofs of Claim that can be characterized as Misclassified Claims — *i.e.*, claims that have been filed with an improper classification according to information included in the claims and/or the Debtors' Books and Records.  Each of the Misclassified Claims has been filed as including either a "secured," "administrative," and/or "priority" claim.  Certain of these claims assert a right to priority where none exists, either without identifying a basis for priority status or by erroneously asserting a basis for priority under Bankruptcy Code section 507.  Additionally, certain claims assert secured status without having one or more requirements of a valid secured claim under applicable non-bankruptcy law, such as creation or perfection of a security interest or lien.

15.     With respect to amounts asserted pursuant to section 503(b)(9), the Trustee, upon review of each Misclassified Claim and all supporting information and documentation therewith,

and in conjunction with the Debtors' Books and Records, has determined that certain portions of such claims were based upon goods received outside of the twenty-day prepetition period or were based upon services rendered rather than goods received. As such, these claims (or the relevant portions of such claims) are not entitled to priority.

16. Based on the Trustee's review of the Misclassified Claims and the Debtors' Books and Records, the Trustee has determined that the Claims, or portions of the Claims, should be reclassified as general unsecured claims. Failure to reclassify the Misclassified Claims would award certain claimants undue priority, to the detriment of other creditors and parties in interest in these Chapter 11 Cases. Accordingly, the Trustee respectfully requests that the Misclassified Claims listed on **Exhibit A** to the Proposed Order be reclassified as general unsecured claims or in the manner otherwise specified therein pursuant to section 502 of the Bankruptcy Code.

B.    **Modified or Disallowed Claims**

17. Upon reviewing the Proofs of Claim filed against the Debtors, supporting documentation attached thereto, and the Debtors' Books and Records, the Trustee has identified certain Proofs of Claim that assert amounts that are inconsistent with the amounts reflected in the Debtors' Books and Records or the supporting documentation attached thereto.

18. The Trustee accordingly seeks to modify the Modified or Disallowed Claims in the manner set forth in **Exhibit B** to the Proposed Order and requests the entry of an order authorizing the Claims Agent to modify the claim to reflect the appropriate claim amount.

### SEPARATE CONTESTED MATTERS

19. To the extent that a response is filed regarding any Disputed Claim listed in the Objection and the Trustee is unable to resolve the response, each such claim, and the Objection by the Trustee to each such claim asserted herein, shall constitute a separate contested matter as

contemplated by Bankruptcy Rule 9014.  Any order entered by the Court regarding the Objections shall be deemed a separate order with respect to each claim.

## RESERVATION OF RIGHTS

20. The Trustee expressly reserves his right to amend, modify, or supplement this Objection, and to file additional objections to any claims (filed or not) in these cases.  Nothing herein shall be construed as an acknowledgement of the validity or allowance of any claims disallowed, reduced, and/or reclassified in this Objection.  Moreover, should one or more of the bases for objection stated in this Objection be overruled, or otherwise not sustained, the Trustee reserves his right to object to the claims on any other grounds that law or equity permit.  Nothing contained herein shall be deemed to be or construed as a waiver of the Trustee's right to object to such claims.

21. Notwithstanding anything contained in this Objection or in the exhibit attached to the Proposed Order, nothing herein shall be construed as a waiver of any rights that the Trustee may have: (a) to bring avoidance actions under the applicable sections of the Bankruptcy Code against the holders of claims subject to the Objection; or (b) to exercise the Trustee's rights of setoff against the holders of claims subject to this Objection.

## ADJOURNMENT OF HEARING

22. The Trustee reserves the right to adjourn the hearing on any Claim subject to this Objection.  In the event that the Trustee so adjourns the hearing, the adjournment will be reflected on the agenda for the hearing on this Objection.

## COMPLIANCE WITH LOCAL RULE 3007-1

23. To the best of the Trustee's knowledge and belief, this Objection and the related exhibit annexed to the Proposed Order comply with Local Rule 3007-1.  To the extent that this

Objection does not comply in all respects with the requirements of Local Rule 3007-1, the Trustee believes such deviations are not material and respectfully request that any such requirement be waived.

**WHEREFORE**, for the reasons set forth herein, the Trustee respectfully requests that the Court enter the Proposed Order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1: (a) modifying the Misclassified Claims set forth on **Exhibit A** to the Proposed Order; (b) modifying the Modified or Disallowed Claims set forth on **Exhibit B** to the Proposed Order; (c) authorizing the Claims Agent to amend the Claims Register to comport with entry of the Proposed Order; and (d) granting such other and further relief as the Court deems just and proper.

Dated: February 8, 2024	**SAUL EWING LLP**

By: */s/ Lucian B. Murley*
Lucian B. Murley (DE Bar No. 4892)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6898
luke.murley@saul.com

*Counsel for the Liquidating Trustee*