IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| TRITEK INTERNATIONAL INC., *et al.*,[1] | ) Case No. 23-10520 (TMH) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| | ) Hearing Date: July 30, 2024 at 11:00 a.m. (ET) |
| | ) Objection Deadline: June 18, 2024 at 4:00 p.m. (ET) |

**LIQUIDATING TRUSTEE'S OBJECTION TO CLAIM NUMBER 54
FILED BY THE CITY OF WINDOM**

Matthew Dundon, not in his individual capacity, but solely as the Liquidating Trustee of the Tritek Liquidating Trust (the "**Trustee**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submits this objection (the "**Objection**") for entry of an order (the "**Proposed Order**"), substantially in the form attached hereto as **Exhibit A**, pursuant to section 502 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), disallowing that certain proof of claim filed by the City of Windom. In support of this Objection, the Trustee relies on the declaration of Rick Wright (the "**Wright Declaration**"), attached hereto as **Exhibit B**. In further support of this Objection, the Trustee respectfully states as follows:

**PRELIMINARY STATEMENT**[2]

1. Claim 54 seeks allowance of $437,758.95 and for that allowed amount to have administrative or priority unsecured status. For the reasons set forth below, the Trustee seeks to

---

[1] The liquidating Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number are: Tritek International Inc. (7919); HyLife Foods Windom, LLC (5391); and Canwin Farms, LLC (3973). The Trustee's mailing address is 10 Bank Street, Suite 1100, White Plains, NY 10606.

[2] Capitalized terms not defined in this preliminary statement shall have the same meaning as that ascribed to them below in this Objection.

52298773.10 06/04/2024

disallow $247,943.84 of Claim 54 and to allow the balance of $189,815.11 as a general unsecured claim.

2.   The Trustee believes the Debtors received $249,854.14 in utility services from the City of Windom postpetition.  The Debtors paid $247,943.84 to the City of Windom postpetition regarding these services.  The City of Windom might have properly sought Bankruptcy Code section 503(b)(1) administrative expense status for just over $1,910.30, but it did not file a proof of claim that articulates such a claim.

3.   The City of Windom asserts that the entire amount of Claim 54 is entitled to administrative status under section 503(b)(9) of the Bankruptcy Code.  However, no "goods" were provided prior to the Petition Date.  Hence, none of Claim 54 may be treated as an administrative expense claim under section 503(b)(9).

4.   Accordingly, the Court should grant this Objection, reducing the asserted $437,758.95 claim to $189,815.11 by virtue of the Postpetition Check, and reclassifying that reduced amount to a general unsecured claim in the amount of $189,815.11 against Debtor HyLife Foods Windom, LLC.

## JURISDICTION AND VENUE

5.   The Court has jurisdiction to consider this Objection pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

6.   Pursuant to Rule 9013-l(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, the Trustee consents to the entry of a final order by the Court in connection with this matter to the extent that it is later

determined that the Court, absent consent of the parties, cannot enter final orders, or judgments consistent with Article III of the United States Constitution.

7. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

8. The statutory bases for the relief sought herein are section 502 of the Bankruptcy Code and Bankruptcy Rule 3007.

## BACKGROUND

9. On April 27, 2023 (the "**Petition Date**"), the above-captioned debtors (collectively, the "**Debtors**") each commenced a bankruptcy case by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

10. On October 6, 2023, the Court entered the *Order Granting Final Approval of Disclosure Statement and Confirming Debtors' Joint Chapter 11 Plan of Liquidation* [D.I. 506] (the "**Confirmation Order**"), approving the *Modified Fourth Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Tritek International, Inc. and its Affiliated Debtors* [D.I. 503] (the "**Plan**"). Pursuant to Article XI of the Plan, the Trustee has authority to object to claims.

11. Moreover, Article II of the Plan, provides that the entry of the Confirmation Order constituted approval by the Court of the limited substantive consolidation of the Debtors and their respective estates solely for the purposes of the Plan, including effectuating distributions.

## THE CLAIMS PROCESS

12. On May 22, 2023, the Court entered the *Order (I) Establishing Bar Dates and Related Procedures for Filing Proofs of Claim (Including for Claims Arising Under Section 503(b)(9) of the Bankruptcy Code), (II) Approving the Form and Manner of Notice Thereof, and (III) Granting Related Relief* [D.I. 137] (the "**Bar Date Order**") pursuant to which the Court established, *inter alia*, the General Bar Date (as defined in the Bar Date Order) as June 27, 2023

at 5:00 p.m. (prevailing Eastern Time). Written notice of the Bar Date Order (the "**Bar Date Notice**") was mailed to, among others, all known creditors listed on the Schedules (as defined below), and the Bar Date Notice was served on all parties who had filed requests for notice under Bankruptcy Rule 2002 as of the date of the Bar Date Order.

13. On May 25, 2023, the Debtors filed their schedules of assets and liabilities and statements of financial affairs [D.I. 166-171] (the "**Schedules**").

14. Proofs of claim against the Debtors (the "**Proofs of Claim**") are recorded on the official claims register (the "**Claims Register**") maintained by Donlin, Recano & Company, Inc., the agent retained by the Debtors (and now retained by the Trustee) to assist with claims processing in these Chapter 11 Cases (the "**Claims Agent**").

15. In the ordinary course of business, the Debtors maintained records (the "**Books and Records**") that reflect, among other things, certain of the Debtors' liabilities and the amounts owed to their creditors. Pursuant to the Plan, the Books and Records were transferred to the Trustee.

16. On June 15, 2023, the City of Windom filed a proof of claim, assigned claim number 54 by the Debtors' claims agent ("**Claim 54**"), against Debtor HyLife Foods of Windom, LLC asserting a $437,758.95 administrative claim for utility services provided between April 2023 through June 2023 to 2850 Highway 60 E, Windom MN 56101, attached hereto as **Exhibit C**.

17. On the proof of claim form, Claim 54 asserts that the entire amount of the claim is an administrative claim under 503(b)(9). This designation is internally inconsistent with the invoices attached to Claim 54, which assert amounts relating to both the prepetition and postpetition periods, and which do not obviously relate to goods under 503(b)(9), as the invoices only reference electric service, sewer service, water service, and telecommunication services. Nor

does the proof of claim divide the amount asserted between the pre- and postpetition periods. *See* Wright Decl. ¶ 7.

18. The City of Windom attaches two invoices in support of its claim.

   (a) Invoice 10222702 (the "**May Invoice**") asserts a subtotal of $265,278.04. Most of the charges asserted in the May Invoice appear to be for services provided to the Debtors during the prepetition period, the only material exception being a $33,039 charge (the "**May Invoice Postpetition Amount**") for sewer services provided from May 1, 2023 through May 31, 2023.

   (b) Invoice 10226697 (the "**June Invoice**") asserts a subtotal of $216,815.14 (the "**June Invoice Postpetition Amount**" and, together with the May Invoice Postpetition Amount, the "**Postpetition Charges**"), exclusive of a $10,042.90 late payment fee. The June Invoice Postpetition Amount appears, from the face of it, to be an amount owed by the Debtors for the postpetition period.

   (c) The Postpetition Charges (i.e., the subtotal of the June Invoice, and the May Invoice Postpetition Amount) total $249,854.14.

*See* Wright Decl. ¶ 8.

19. Through a check dated June 26, 2023, Hylife Foods Windom, LLC paid the City of Windom $247,943.84 (the "**Postpetition Check**"). A copy of the Postpetition Check is attached as **Exhibit D**. According to the voucher relating to the check, the Postpetition Check paid $246,943.84 towards the June Invoice. Although there is a nonmaterial difference between the $249,854.14 Postpetition Charges and the $246,943.84 Postpetition Check, it appears from context and the voucher that the Postpetition Check was intended to pay the Postpetition Charges. *See* Wright Decl. ¶ 9.

20. Dundon Advisors and Saul Ewing have requested a reconciliation from the City of Windom, with the goal of confirming that the Postpetition Check satisfies all Postpetition Charges. The City of Windom confirms that it received the Postpetition Check, but has not yet provided the requested reconciliation. *See* Wright Decl. ¶ 10.

21. By virtue of the Postpetition Check, the Trustee believes that all material amounts for postpetition services provided by the Debtors were satisfied by the Postpetition Check. *See* Wright Decl. ¶ 11.

## RELIEF REQUESTED

22. By this Objection, the Trustee respectfully requests entry of the Proposed Order reducing the asserted $437,758.95 claim to $189,815.11 by virtue of the Postpetition Check, and reclassifying that remaining claim to a general unsecured claim in the amount of $189,815.11 against debtor HyLife Foods Windom, LLC.

## BASIS FOR RELIEF REQUESTED

**A.  Claim 54 Should be Reduced by the Post-Petition Check Totaling $247,943.84.**

23. When asserting a proof of claim against a bankrupt estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant. *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992); *Matter of Int'l Match Corp.*, 69 F.2d 73, 76 (2d Cir. 1934) (finding that a proof of claim should at least allege facts from which legal liability can be seen to exist). Where the claimant alleges sufficient facts to support its claim, its claim is afforded prima facie validity. *In re Allegheny Int'l Inc.*, 954 F.2d at 173. A party wishing to dispute such a claim must produce evidence in sufficient force to negate the claim's prima facie validity. *Id.* In practice, the objecting party must produce evidence that would refute at least one of the allegations essential to the claim's legal sufficiency. *Id.* at 173-74. Once the objecting party produces such evidence, the burden shifts back to the claimant to prove the validity of his or her claim by a preponderance of the evidence. *Id.* at 174. The burden of persuasion is always on the claimant. *Id.* (internal citations omitted).

24. A claimant is not entitled to multiple recoveries for a single liability against a single debtor since a claimant is entitled to only a single satisfaction, if at all, of any particular claim of liability against a debtor. *See, e.g. In re Handy Andy Home Improvement Ctrs., Inc.*, 222 B.R. 571, 575 (Bankr. N.D. Ill. 1998) ("[I]t is axiomatic that one cannot recover for the same debt twice."). Allowing the City of Windom to accept the Postpetition Check and not reflect the payment in its proof of claim would be an unwarranted and inappropriate double recovery for the City of Windom.

B. **Claim 54 Should Be Reclassified as a General Unsecured Claim in the Amount of $189,815.11 Since it Does Not Qualify as an Administrative Claim Under Section 503(b)(9).**

25. The City of Windom asserts that $437,758.95 of Claim 54 is an administrative claim pursuant to 11 U.S.C. § 503(b)(9). *See* Claim 54, question 13. The City of Windom also asserts that the $437,758.95 in question is entitled to priority pursuant to section 507(a)(2) of the Bankruptcy Code. *See* Claim 54, question 12.

26. As discussed above and as set forth in the Wright Declaration, all material amounts owed for postpetition utility services were satisfied by the Postpetition Check.

27. Section 503(b)(9) of the Bankruptcy Code, however, provides for administrative treatment for certain prepetition transactions. That section states that after notice and hearing, "the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business" is allowed as an administrative expense. 11 U.S.C. § 503(b)(9). And section 507(a)(2) of the Bankruptcy Code gives priority to claims that are "administrative expenses allowed under section 503(b) of this title."

28. Aside from its answer to question 13, the City of Windom does not assert any other administrative claim other than one arising out of section 503(b)(9). Therefore, in order for any part of Claim 54 to be deemed an administrative claim or entitled to any sort of priority, the City of Windom would have to have provided the Debtors with "goods" within 20 days of the commencement of these Chapter 11 Cases.

29. From the face of the proof of claim, the City of Windom provided services, not goods, and thus should not receive a 503(b)(9) claim. In informal discussions, the City of Windom argued that electricity could be a "good" but this Court has held otherwise: "Electricity is not a good under section 503(b)(9) of the Bankruptcy Code." *In re NE OPCO, Inc.*, 501 B.R. 233, 256 (Bankr. D. Del. 2013).

30. For these reasons, the Court should reduce the asserted $437,758.95 claim to $189,815.11 by virtue of the Postpetition Check, and reclassify that remaining claim to a general unsecured claim in the amount of $189,815.11 against debtor HyLife Foods Windom, LLC.

## RESERVATION OF RIGHTS

31. The Trustee expressly reserves his right to amend, modify, or supplement this Objection, and to file additional objections.

32. Notwithstanding anything contained in this Objection shall be construed as a waiver of any rights that the Trustee may have: (a) to bring avoidance actions under the applicable sections of the Bankruptcy Code against the City of Windom; or (b) to exercise the Trustee's rights of setoff against the City of Windom.

## NOTICE

33. Notice of this Objection shall be given to the following parties or, in lieu thereof, to their counsel, if known: (i) the Office of the United States Trustee for the District of Delaware, (ii) the City of Windom, and (iii) any party that has requested notice pursuant to Bankruptcy Rule

2002. In light of the nature of the relief requested herein, the Trustee respectfully submits that no further notice is required.

**WHEREFORE**, the Trustee respectfully requests the entry of an order, substantially in the form annexed hereto as **Exhibit A**, (i) reducing the asserted $437,758.95 claim to $189,815.11 by virtue of the Postpetition Check, and (ii) reclassifying that remaining claim to a general unsecured claim in the amount of $189,815.11 against debtor HyLife Foods Windom, LLC.

Dated: June 4, 2024                              **SAUL EWING LLP**

                                            By: */s/ Lucian B. Murley*
                                                  Lucian B. Murley (DE Bar No. 4892)
                                                  1201 N. Market Street, Suite 2300
                                                  P.O. Box 1266
                                                  Wilmington, DE 19899
                                                  Telephone: (302) 421-6898
                                                  luke.murley@saul.com

                                                  *Counsel for the Liquidating Trustee*