**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

**THOMAS M. HORAN**                                                            **824 N. MARKET STREET**
JUDGE                                                                         WILMINGTON, DELAWARE
                                                                                              (302) 252-2888

June 7, 2024

**VIA CM/ECF**

Counsel to Matthew Dundon, not in his individual capacity, but solely as the Liquidating Trustee of Tritek International Inc., et al.
Counsel to Minnesota Department of Labor and Industry

      Re:     Tritek International Inc., et al., Case No. 23-10520 (TMH) – Minnesota Department of Labor and Industry's Motion for Allowance and Payment of Administrative Claims for Wages

Dear Counsel:

      On March 13, 2024, I conducted a hearing regarding the Minnesota Department of Labor and Industry's ("MN DLI") Motion for Allowance and Payment of Administrative Claims for Wages (the "Motion") [D.I. 509]. This is my ruling.

      HyLife Foods Windom, LLC ("HyLife") is one of the debtors in these cases. It operated a pork processing plant in Windom, Minnesota. On April 27, 2023, HyLife and two related companies filed petitions under chapter 11 in this Court.

      After filing for bankruptcy, HyLife continued to operate the Windom plant for a short period. Employees remained on the job and were paid wages and benefits as usual. However, in early June 2023, HyLife closed the Windom facility and laid off its workers.

      Following the closure, certain HyLife employees filed complaints with MN DLI, claiming they had not been paid all wages owed for work performed before the plant shut down. In response, MN DLI began an investigation under its state law authority to ensure Minnesota workers are paid properly.

      As part of its investigation, MN DLI requested payroll records from HyLife for the pay periods of May 14-27, 2023 and May 28-June 10, 2023. HyLife did not provide any records directly to MN DLI. Instead, it provided the requested records through its bankruptcy counsel.

Counsel to the Debtors and MN DLI
June 7, 2024
Page 2

The records are said to have included timekeeping data, earnings statements, and information about reimbursement payments made to employees.

  After reviewing the records, MN DLI auditors ascertained that there were discrepancies. They determined that HyLife made deductions from employee paychecks that were labeled as "vacation" deductions. In some cases, these deductions were made for vacation hours that employees had not actually taken. In other cases, the amount deducted exceeded the number of vacation hours the employee used. On June 23, 2023, HyLife issued reimbursement checks to some employees to correct these erroneous deductions, but other employees were not reimbursed or only partially reimbursed.

  MN DLI auditors also determined that various employees were not paid for all regular and overtime hours worked during the relevant pay periods. The timekeeping records showed that employees often worked more hours than they were paid for, even after accounting for unpaid lunch breaks.

  Based on its audit findings, MN DLI calculated that HyLife owed its former employees a total of $41,752.98 in unpaid wages for the last two pay periods before the plant closure. This total included $12,883.48 for the improper vacation deductions, $21,986.96 in unpaid regular wages, and $6,882.54 in unpaid overtime wages.

  Despite extensive discussions between MN DLI and HyLife to resolve the unpaid wage issues, the parties did not reach agreement before the October 6, 2023 deadline for filing administrative expense claims in the bankruptcy cases. Consequently, on October 6, 2023, MN DLI filed a motion with the bankruptcy court seeking allowance and payment of a $41,752.98 administrative expense claim on behalf of the unpaid workers.

  Matthew Dundon, the Liquidating Trustee appointed under HyLife's plan, filed an objection to the Motion. The Liquidating Trustee argued that MN DLI had not provided sufficient evidence to prove that the claimed amounts were actually owed to specific employees and that the payroll records were inadequate to support allowance of an administrative expense claim.

  In its reply to the Liquidating Trustee's objection to the Motion, MN DLI helpfully disclosed that it anticipated that the Liquidating Trustee was planning to object to MN DLI's evidence in support of the Motion on the grounds that it was inadmissible hearsay. MN DLI did not dispute that its evidence was hearsay, but would seek to have it admitted under Federal Rule of Evidence 807. At the outset of the March 13 hearing, I heard argument from the parties on the evidentiary objection and took it under advisement before continuing on to conduct an evidentiary hearing.

  The Liquidating Trustee's evidentiary objection presents a gating issue. If I find MN DLI's evidence to be inadmissible, I have effectively no evidentiary record upon which to decide the Motion.

Counsel to the Debtors and MN DLI
June 7, 2024
Page 3

 Rule 807, the Residual Exception rule, allows the admission of hearsay evidence that does not fit within the specific exceptions enumerated in Rules 803 and 804 if the proponent demonstrates that the evidence has "sufficient guarantees of trustworthiness" and is "more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts." Fed. R. Evid. 807(a).

 Here, MN DLI argues that the payroll records it obtained from HyLife have sufficient guarantees of trustworthiness because they were provided by HyLife's own counsel during MN DLI's official investigation. But counsel did not create or maintain the records. HyLife did. HyLife's counsel merely was a conduit between HyLife and MN DLI. MN DLI argues that the fact that HyLife's counsel transmitted the records to MN DLI is enough for me to determine that the records are trustworthy. That argument misses the mark. The records were only transmitted to MN DLI by counsel. Therefore, there is no basis upon which I might determine that the evidence sought to be admitted has sufficient guarantees of trustworthiness.

 There is no dispute among the parties that MN DLI did not seek discovery from HyLife in connection with the Motion. While the relevant documents could have been sought through discovery and perhaps properly be admitted into evidence, they were not. In other words, there likely was evidence that could have been obtained through reasonable efforts. Therefore, Rule 807 is not an appropriate basis upon which to admit MN DLI's evidence.

 Having found that MN DLI's proposed evidence is inadmissible, there is no evidentiary basis upon which I could grant the Motion. Therefore, I am compelled to sustain the Liquidating Trustee's objection to the Motion and deny the Motion.

 I do so, however, with some discomfort. Although MN DLI's evidence is inadmissible hearsay, that does not mean that I do not have reason to suspect that there are employees with legitimate claims. I raised this concern at the March 13 hearing with counsel to the Liquidating Trustee. Counsel, to his credit and that of the Liquidating Trustee, assured me that "[i]f anyone comes forward that was not paid the Trustee is going to cut a check to them immediately. We take this very seriously . . ."[1]

 I urge the parties to confer further and make best efforts to ensure that any employees owed unpaid post-petition wages are identified, and to the extent estate funds allow, are paid. I stand prepared to consider requests for any further relief to ensure that happens. However, based on the record before me, the Motion is denied.

Thomas M. Horan
United States Bankruptcy Judge

---

[1] Transcript of March 13, 2024 hearing, 65:14–17.